UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MATTHEW TASSONE,**

    **Plaintiff,**

  v.                                     **Civil Action 2:21-cv-694**
                                              **Judge Michael H. Watson**
                                              **Magistrate Judge Chelsey M. Vascura**

**SHERIFF DEPUTY TELLIS,**

    **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Matthew Tassone, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that Plaintiff be permitted to proceed on his Fourth Amendment claim for excessive force, and that the Court **DISMISS** Plaintiff's remaining claims pursuant to 28 U.S.C. § 1915(e)(2).

I.       BACKGROUND

According to the Complaint, Plaintiff attended divorce proceedings on February 16, 2021, at the Domestic Relations & Juvenile Court for Franklin County, Ohio. (Compl. ¶ 4, ECF No. 1-1.) Plaintiff's spouse brought Plaintiff's daughter to the hearing. Plaintiff shares custody of his daughter with his spouse. (*Id.*, ¶¶ 5–6.) At the conclusion of the hearing, Plaintiff asked his daughter if she would like to walk out with him to the lobby to say goodbye for the day. (*Id.* ¶ 9.)

At this point, Defendant Tellis, an on-duty deputy of the Franklin County Sherriff's office, approached Plaintiff and refused to allow Plaintiff to take his daughter into the hallway. (*Id.* ¶ 10.) Plaintiff alleges that Defendant was not directed by the Domestic Relations Court or Plaintiff's spouse to prevent him from taking his daughter into the hallway, and there was no reason for Defendant to do so. (*Id.*) In response, Plaintiff told Defendant, "[y]ou know what, fuck you." (*Id.* ¶ 11.)

Plaintiff then left the courtroom without his daughter. Defendant followed Plaintiff into the hallway, where Defendant "closed the distance between [Defendant] and the Plaintiff, and [Defendant] began to push the Plaintiff with [Defendant's] chest. While [Defendant] was chest bumping the Plaintiff ([Defendant] using his own chest to push against the Plaintiff's chest), [Defendant] said to the Plaintiff, 'say it again' . . . ." (*Id.* ¶ 12.) Plaintiff again said "fuck you" to Defendant. (*Id.* ¶ 13.) Defendant then grabbed Plaintiff and "attempted to throw" him, causing pain and aggravating various of Plaintiff's pre-existing conditions. (*Id.* ¶ 14.) Plaintiff states that he was never informed that he was under arrest, was never under suspicion of committing a crime, and posed no threat to the safety of anyone. (*Id.* ¶ 15.)

Plaintiff asserts claims under the Fourth and Fourteenth Amendments for excessive force and deprivation of his parental rights. He seeks $100,000 in compensatory damages, as well as

punitive damages, attorney's fees and costs, and an order compelling Defendant to issue a written apology and to refrain from using his state power to assault citizens.

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> * * *
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

3

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

It is **RECOMMENDED** that Plaintiff be permitted to proceed on his individual-capacity claim against Defendant for excessive force in violation of the Fourth Amendment. Plaintiff's remaining claims, however, fail to state a claim on which relief can be granted.

As an initial matter, Plaintiff has asserted claims for excessive force under both the Fourth Amendment and the substantive due process clause of the Fourteenth Amendment. However, the United States Supreme Court has made clear that excessive force claims are properly analyzed under the Fourth Amendment, not the Fourteenth. *Wilson v. Wilkins*, 362 F. App'x 440, 443 (6th Cir. 2010) (citing *Graham v. Connor,* 490 U.S. 386, 395 (1989)). Accordingly, it is **RECOMMENDED** that Plaintiff's claim for excessive force under the Fourteenth Amendment be **DISMISSED**.

Plaintiff also advances several claims related to Defendant's refusal to allow Plaintiff to take his daughter into the hallway to say goodbye privately. First, Plaintiff asserts that both his and his daughter's Fourth Amendment rights were violated when Defendant "seized" Plaintiff's daughter. However, Plaintiff's allegations do not establish that any seizure of Plaintiff's daughter occurred. "The Supreme Court has made clear that '[a] "seizure" triggering the Fourth Amendment's protections occurs only when government actors have, by means of physical force or show of authority, in some way restrained the liberty of a citizen.'" *Slusher v. Carson*, 540 F.3d 449, 454–55 (6th Cir. 2008) (quoting *Graham,* 490 U.S. 386, 395 n. 10 (alterations and quotations omitted)). *See also Terry v. Ohio,* 392 U.S. 1, 16 (1968) ("[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person."). Plaintiff's Complaint is devoid of any allegations that Defendant physically restrained Plaintiff's daughter or otherwise restrained her liberty through a show of authority; Plaintiff merely states that Defendant approached *Plaintiff* and would not allow *Plaintiff* to take his daughter into the hallway. Accordingly, no seizure of Plaintiff's daughter occurred and the Fourth Amendment is not implicated by Defendant's refusal to allow Plaintiff to take his

daughter into the hallway. It is therefore **RECOMMENDED** that Plaintiff's claims under the Fourth Amendment related to the seizure of his daughter be **DISMISSED**.

Finally, Plaintiff also asserts that his and his daughter's substantive due process rights were violated when Defendant interfered with their rights to associate with family. Substantive due process "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It "specifically protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997) (internal quotation marks and citations omitted). In other words, the substantive due process clause protects "the right not to be subjected to arbitrary and capricious government action that 'shocks the conscience and violates the decencies of civilized conduct.'" *Guertin v. State*, 912 F.3d 907, 917–18 (6th Cir. 2019) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)). *See also Siefert v. Hamilton Cty.*, 951 F.3d 753, 766–67 (6th Cir. 2020), *cert. denied sub nom. Hamilton Cty. Job & Fam. Servs. v. Siefert*, No. 20-381, 2020 WL 7132287 (U.S. Dec. 7, 2020) (plaintiffs failed to allege a substantive due process violation of their fundamental liberty interest in the care, custody, control, companionship, and management of their child when their allegations did not demonstrate conscience-shocking behavior by defendants). *But see Schulkers v. Kammer*, 955 F.3d 520, 544, n.5 (6th Cir. 2020) (noting the lack of clarity within the Sixth Circuit regarding whether a plaintiff bringing a substantive due process claim must show that the challenged government action shocks the conscience and *comparing Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 728–29 (6th Cir. 2011) *with Seifert*, 951 F.3d at 765).

6

However, "the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." *Lewis*, 523 U.S. at 848; *accord Vasquez v. City of Hamtramck,* 757 F.2d 771, 773 (6th Cir. 1985) ("A citizen does not suffer a constitutional deprivation every time he is subject to the petty harassment of a state agent."). Although, taking Plaintiff's allegations as true, Defendant had no apparent reason for preventing Plaintiff from taking his daughter into the hallway to say goodbye for the day, his preventing Plaintiff from what was likely at most a few minutes of private time with his daughter on a single occasion does not rise to the level of action that "shocks the conscience and violates the decencies of civilized conduct." *Lewis*, 523 U.S. at 846–47. Thus, although Defendant's conduct may have been "unprofessional," it does not amount to a deprivation of Plaintiff's or his daughter's right to substantive due process. *See*, *e.g.*, *Parate v. Isibor*, 868 F.2d 821, 832–33 (6th Cir. 1989). It is therefore **RECOMMENDED** that Plaintiff's substantive due process claims under the Fourteenth Amendment be **DISMISSED**.

## IV.  DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff be permitted to proceed on his individual-capacity claim against Defendant for excessive force in violation of the Fourth Amendment. It is further **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

## V.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                        /s/ *Chelsey M. Vascura*
                                                        CHELSEY M. VASCURA
                                                        UNITED STATES MAGISTRATE JUDGE